NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
Nadia Ahmed
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Matthew D. Evans
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
150 M St. NE
Washington, District of Columbia 20002
Phone: (202) 305-0381
*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACK ELY BUCHANAN,<br><br>Defendant. | No. 2:19-mj-714-DJA<br><br>**Plea Agreement for Defendant Jack Ely Buchanan** |

This plea agreement between Jack Ely Buchanan ("defendant"), the United States Attorney's Office for the District of Nevada (the "USAO"), and the Environment and Natural Resources Division of the United States Department of Justice ("ENRD") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences and fines in the above-captioned case. This agreement binds only defendant, the USAO, and ENRD and does not bind the district court, the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO, ENRD, or any agency or third party from seeking any other civil or

administrative remedies, including civil forfeiture *in rem,* directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, an Assistant United States Attorney, and a Trial Attorney for ENRD.[1]

## I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

   a. At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to Count 1 of the criminal information in this case, which charges defendant with the sale of a threatened species of wildlife in violation of the Endangered Species Act, 16 U.S.C. §§ 1538(a)(1)(G) and 1540(b)(1), a misdemeanor;

   b. Stipulate to the facts agreed to in this agreement;

   c. Abide by all agreements regarding sentencing contained in this agreement;

   d. Not seek to withdraw defendant's guilty plea once it is entered;

   e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

   f. Not commit any federal, state, or local crime;

   g. Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

   h. Before and after sentencing, upon request by the Court, the USAO, ENRD, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all

---

[1] On June 13, 2019, defendant and the government executed an agreement to toll the statute of limitations for the time period of June 14, 2019, though September 14, 2019. See Attachment 1.

2

financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form provided by the USAO, to include all supporting documentation, and return it to the USAO within three weeks from entry of the plea. Defendant agrees that the district court may enter any order necessary to effectuate or facilitate disclosure of defendant's financial information.

        i.        To facilitate payment of any fine, forfeiture, restitution, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine or restitution identified in this agreement, agreed to by the parties, or ordered by the Court.

## II. THE USAO AND ENRD'S OBLIGATIONS

2.     The USAO and ENRD agree to:

    a.    Stipulate to the facts agreed to in this agreement;

    b.    Abide by all agreements regarding sentencing contained in this agreement;

    c.    Acknowledge that defendant has accepted responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides false or misleading information to the USAO, ENRD, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw

3

defendant's guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release; and

   d. Not bring any additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this agreement and based on conduct known to the USAO and ENRD, including the felony charge of false labeling in violation of 16 U.S.C. §§ 3372(d) and 3373(d)(3)(A). However, the USAO and ENRD reserve the right to prosecute defendant for any crime of violence as defined by 18 U.S.C. § 16 and any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the sentence to be imposed after consideration of all relevant factors under 18 U.S.C. § 3553(a).

## III. ELEMENTS OF THE OFFENSE

3. <u>Count One</u>: The elements of the sale of a threatened species under 16 U.S.C. §§ 1538(a)(1)(G) and 1540(b)(1) are as follows:[2]

<u>First</u>: A person knowingly;

<u>Second</u>: Violated a regulation;

<u>Third</u>: The regulation was promulgated under the Endangered Species Act.

## IV. CONSEQUENCES OF CONVICTION

4. <u>Maximum Statutory Penalties</u>:

   a. Defendant understands that the statutory maximum sentence the district court can impose for a violation of the Endangered Species Act as charged in Count 1 is: six months of imprisonment; a fine of $25,000 or twice the gross gain or gross loss resulting from the

---

[2] The elements of this offense are not provided in the Ninth Circuit Manual of Model Criminal Jury Instructions (2010 ed.). They are derived directly from the statute.

4

offense, whichever is greatest; and a mandatory special assessment of $10. 16 U.S.C. § 1540(b)(1).

5. <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

6. <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence limits the district court's discretion in determining defendant's sentence.

7. <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that the conviction in this case may subject defendant to collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant understands that, if defendant is not a United States citizen, the conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## V. FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to

5

1  trial instead of pleading guilty, the USAO and ENRD could prove defendant's guilt beyond a
2  reasonable doubt. Defendant further acknowledges that defendant's admissions and declarations
3  of fact set forth below satisfy every element of the charged offense. Defendant waives any
4  potential future claim that the facts defendant admitted below are insufficient to satisfy the
5  elements of the charged offense. Defendant admits and declares under penalty of perjury that the
6  facts set forth below are true and correct:

7      a.    In 2009, defendant, an attorney admitted to the State Bar of Nevada, came
8  into lawful possession of a lawfully killed, mounted, and imported southern white rhinoceros
9  (*Ceratotherium simum simum*), which is a species of wildlife listed as threatened pursuant to 16
10  U.S.C. § 1533.

11      b.    Thereafter, defendant became associated with a wildlife broker who
12  introduced defendant to a prospective buyer for the rhinoceros mount in Minnesota, J.B.

13      c.    In or around June 2014, J.B. emailed defendant about the prospect of
14  purchasing the rhinoceros mount. By on or about June 23, 2014, defendant and J.B. had
15  negotiated and planned the sale of the rhinoceros mount for $6,500. J.B. was to fly from
16  Minnesota to Las Vegas, Nevada, where defendant was storing the rhinoceros mount in the
17  garage of his residence.

18      d.    On or about June 23, 2014, defendant emailed the U.S. Fish and Wildlife
19  Service Division of Management Authority to inquire about the legality of selling the rhinoceros
20  mount.

21      e.    On or about June 30, 2014, U.S. Fish and Wildlife Division of
22  Management Authority responded to defendant's inquiry, stating that the rhinoceros mount
23  "may be used, including a transfer, donation, or exchange, only for noncommercial purposes.
24  Thus, sale after import is prohibited."

   f. That same day, J.B. arrived in Las Vegas, rented a moving truck, and met defendant at defendant's office. Defendant and J.B. traveled to defendant's home, where they were met by two other persons. There, defendant offered to sell to J.B., in addition to the rhinoceros mount, a Cape buffalo (*Syncerus caffer caffer*) mount that had fallen into disrepair for an unknown price. J.B. declined to purchase the Cape buffalo mount because of its poor condition. Defendant decided to give the Cape buffalo mount to J.B. for free, which J.B. accepted. The four men loaded the rhinoceros mount and the Cape buffalo mount into the moving truck, and J.B. drove the moving truck to his home in Minnesota.

   g. The rhinoceros mount included the two original rhinoceros horns. Rhinoceros horns are highly valued and illegally trafficked and sold, primarily in Asia. The two horns taken from the rhinoceros mount weigh 11.91 pounds and 5.51 pounds, for a total weight of 17.42 pounds. At the time of the offense, the fair market retail value of rhinoceros horns was $25,000 per pound. Accordingly, the two rhinoceros horns defendant sold to J.B. had an approximate value of $435,500, a fact of which defendant was unaware.

   h. At the time of this offense, the rhinoceros was listed as a threatened species by the United States Fish and Wildlife Service.

   i. The defendant admits that all of his above conduct took place within the State and Federal District of Nevada.

## VI. SENTENCING FACTORS

10. The parties stipulate that, pursuant to USSG §1B1.9, the United States Sentencing Guidelines do not apply to this conviction because it is a Class B misdemeanor, and the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). The district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. <u>Criminal History Category</u>: Defendant acknowledges that the district court may base defendant's sentence in part on defendant criminal record or criminal history.

12. <u>Additional Sentencing Information</u>: The recommended sentence is based on information now known to the parties. Defendant understands that defendant, the USAO, and ENRD are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's determination of sentence. While this paragraph permits the USAO, ENRD, and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's, the USAO's, and ENRD's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

Defendant acknowledges that the U.S. Probation Office may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it makes sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

**VII. POSITIONS REGARDING SENTENCING**

13. The USAO and ENRD will recommend that the district court sentence defendant to a three-year term of probation, with a special condition that defendant perform 40 hours of community service. Defendant may argue for a downward variance pursuant to 18 U.S.C.

8

§ 3553. Defendant may argue for no term of incarceration or probation, and/or that community service not be a condition of any probation imposed by the district court.

14. The USAO, ENRD, and defendant will recommend that the district court sentence defendant to pay a fine of $ 25,000. Pursuant to 42 U.S.C. § 10601(b)(1)(A), any fine imposed on defendant for this offense shall be paid by the clerk into the Cooperative Endangered Species Conservation Fund, also known as the Lacey Act reward account. This fund, containing criminal fines, penalties, and forfeitures collected pursuant to the Lacey Act, is managed by the U.S. Fish and Wildlife Service. Rewards are paid from this account to persons who furnish information that leads to an arrest, criminal conviction, civil penalty assessment, or forfeiture of property for any violation of the Lacey Act or its regulations, as well as the costs incurred by persons who provide temporary care for fish, wildlife, or plants pending the disposition of any civil or criminal Lacey Act proceeding. 16 U.S.C. § 3375(d).

15. Defendant acknowledges that the district court does not have to follow the recommendation of either party.

16. Notwithstanding its agreement to recommend a sentence as described above, the USAO and ENRD reserve the right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

17. If defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility, the USAO and ENRD are entitled to argue for a sentence up to the statutory maximum sentence, or alternatively to withdraw from the agreement, but defendant will remain bound by the provisions of this agreement and will not have the right to withdraw defendant's guilty plea.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.    The right to persist in a plea of not guilty;

9

1   b.  The right to a speedy and public trial ~~by jury~~; *PK* before a United States Magistrate Judge. *DB MDF*

2   c.  The right to be represented by counsel—and if necessary have the court

3   appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to

4   be represented by counsel—and if necessary have the court appoint counsel—at every other stage

5   of the proceeding;

6   d.  The right to be presumed innocent and to have the burden of proof placed

7   on the USAO to prove defendant guilty beyond a reasonable doubt;

8   e.  The right to confront and cross-examine witnesses against defendant;

9   f.  The right to testify and to present evidence in opposition to the charges,

10  including the right to compel the attendance of witnesses to testify;

11  g.  The right not to be compelled to testify, and, if defendant chose not to

12  testify or present evidence, to have that choice not be used against defendant; and

13  h.  The right to pursue any affirmative defenses, Fourth Amendment or Fifth

14  Amendment claims, and any other pretrial motions that have been filed or could be filed.

### IX. WAIVER OF APPELLATE RIGHTS

16  19.  <u>Waiver of Appellate Rights</u>. Defendant knowingly and expressly waives the right

17  to appeal the manner in which the district court determined that sentence on the grounds set

18  forth in 18 U.S.C. § 3742; and subject solely to the exception listed in the next paragraph, the

19  right to appeal any other aspect of the conviction, including but not limited to the

20  constitutionality of the statute of conviction; any other aspect of the sentence; and any order of

21  restitution or forfeiture.

22  20.  <u>Waiver of Post-Conviction Rights</u>. Defendant also knowingly and expressly

23  waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's

24

10

conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

21. <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO, ENRD, and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## X. RESULT OF WITHDRAWAL OF GUILTY PLEA OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

22. <u>Consequence of withdrawal of guilty plea</u>: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO and ENRD will be relieved of all of their obligations under this agreement, (b) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (c) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

23. <u>Consequence of vacatur, reversal, or set-aside</u>: Defendant agrees that if defendant's conviction is vacated, reversed, or set aside, the USAO, ENRD, and defendant will be released from all their obligations under this agreement, except that, should the USAO and/or ENRD choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (a) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (b) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

24.     Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO and/or ENRD may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO and/or ENRD to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO and/or ENRD in writing. If the USAO and/or ENRD declare this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty plea, and (b) the USAO and ENRD will be relieved of all its obligations under this agreement.

25.     Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO and/or ENRD choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a.     Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b.     Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c.     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be

admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26. Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that defendant, the USAO, and ENRD are free to argue on appeal and collateral review that the sentence the district court chooses to impose is not error.

28. Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### XIV. ADDITIONAL ACKNOWLEDGMENTS

29. The Defendant acknowledges that:

   a. Defendant read this agreement and defendant understands its terms and conditions.

   b. Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

  c. Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

  d. Defendant understands the terms of this agreement and voluntarily agrees to those terms.

  e. Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

  f. The representations contained in this agreement are true and correct, including the factual basis for defendant's offense set forth in this agreement.

  g. Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

30. Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

31. Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, the USAO, or ENRD, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

32. Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

33. Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

### XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

NICHOLAS A. TRUTANICH
United States Attorney

_____     9/24/19
Nadia Ahmed                           Date
Assistant United States Attorney

_____     9/24/19
Matthew D. Evans                      Date
Trial Attorney

_____     8/26/19
Jack Ely Buchanan                     Date
Defendant

_____     8/26/19
David Z. Chesnoff                     Date
Attorney for Defendant Jack Ely Buchanan